## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL PULLER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>LEGENDS OWO, LLC,<br><br>        Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Daniel Puller, brings this action on behalf of himself, and all others similarly situated against Legends OWO, LLC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

### NATURE OF THE ACTION

1. For over a year, Defendant has been nickel and diming visitors of the One World Observatory on its website in violation of the New York State Arts and Cultural Affairs Law § 25.07(4). Whenever a visitor selects an admission ticket on the website https://www.oneworldobservatory.com/, he is quoted a fee-less price, only to be ambushed by a $5.00 "processing fee" at checkout after clicking through the various screens required to make a purchase. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2. To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the

ticket being selected for purchase." *Id*. (emphasis added).  And "[t]he price of the ticket shall not increase during the purchase process." *Id.*  This latest version of the law went into effect August 29, 2022.  *See* Exhibit A.

3.      For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendant's One World Observatory for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.  Defendant sold tickets on at least 100,000 orders to One World Observatory through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each order.  There is minimum diversity under 28 U.S.C. § 1332(d) because many class members who visit One World Observatory come from other states.

5.      This Court has personal jurisdiction over Defendant because Defendant operates One World Observatory in the state of New York and sells tickets to One World Observatory through its website.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and purchased tickets to visit One World Observatory in this District.

## PARTIES

7.      Plaintiff Daniel Puller is an individual consumer who, at all times material hereto, was a citizen and resident of New York, New York.  Plaintiff purchased two tickets to visit One World Observatory on January 20, 2023 through Defendant's website, https://www.oneworldobservatory.com/.  The transaction flow process he viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 8-C in this complaint.

8.      Defendant Legends OWO, LLC is a Delaware limited liability company with its principal place of business in New York, New York.  Defendant owns and operates One World Observatory in New York, New York.

## RELEVANT FACTUAL ALLEGATIONS

9.      When a person visits Defendant's website, https://www.oneworldobservatory.com/, on the main page, he can click the "BUY TICKETS" button to select various admission tickets and prices to Defendant's One World Observatory attraction.  *See* Figures 1-2.



**Figure 1**



**Figure 2-A**



**Figure 2-B**

10.     After a consumer selects the "BUY NOW" button for any of these ticket options, he is taken to a screen which displays a calendar and allows him to select the date he would like to visit One World Observatory, as well as a "starting at" price for the date selected.  *See* Figure 3.

4



**Figure 3**

11.     After a user selects a particular date and clicks the green "Buy Now" button, the user is taken to a new screen which displays "starting at" prices for adult, senior, and youth tickets. *See* Figure 4. The screen also displays – in small font that is not offset by a conspicuous header – that "[a] $5 processing fee will be applied at the time of checkout." *Id.*



**Figure 4**

12.     After a consumer selects the number and type of tickets he wishes to purchase and clicks the blue "Next" button, he is taken to another screen which gives him the option to "upgrade" to a "combination experience."  *See* Figure 5.



**Figure 5**

13.     After the consumer selects "No Thanks," he is taken to a page which lists

available times for entry on the date he selected for his visit.  *See* Figure 6.  At the bottom of the

table listing available times is "Total Price without Tax."  *Id.*  In Figure 6, for 11:00 a.m. on

January 10, 2024 for an adult ticket, that total price is displayed as "$39.00."  *Id.*[1]

---

[1] The process is substantially the same for consumers who opt to upgrade to a combination experience, except that those consumers are displayed an additional screen to select their upgrade before being directed to the screen displayed in Figure 6.



**Figure 6**

14.     After the consumer clicks the blue "Next" button, he is taken to a checkout page that subtly displays a $5.00 Processing Fee.  *See* Figure 7.  At this point, the ticket price increases from the original $39.00 to $47.46, which is inclusive of Defendant's processing fee and applicable tax.  *Id.*  Notably, the increased price directly contradicts the representation in Figure 6 that the "Total Price without Tax" would be "$39.00."  *Compare* Figure 7 *with* Figure 6.



**Figure 7**

15.     From there, when a consumer clicks the green "Checkout" button he is taken to a page to input his credit card information and complete the payment.  *See* Figures 8-A to 8-C. The price is not displayed on this final page.  *Id.*



**Figure 8-A**



**Figure 8-B**



**Figure 8-C**

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

16.     Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law §

25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the

total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the

ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in

dollars that represents a service charge, <u>or any other fee</u> or surcharge to the purchaser.  Such

<u>disclosure</u> of the total cost <u>and fees</u> shall be displayed in the ticket listing <u>prior to</u> the ticket being

<u>selected for purchase</u>."  *Id.* (emphasis added).  And "[t]he price of the ticket shall not increase

during the purchase process."  *Id.*; *Compare with* Figures 2-A to and through 7.

17.     Shortly after the law was enacted, ticketing websites peppered the State of New

York's Division of Licensing Services with questions about the scope of the law.  As explained

11

by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser." *Id.* at 2 (emphasis added).

## CLASS ACTION ALLEGATIONS

18.    **Nationwide Class:**  Plaintiff seeks to represent a class defined as all individuals in the United States who purchased electronic tickets to Defendant's One World Observatory from Defendant's website, https://www.oneworldobservatory.com/, on or after August 29, 2022. Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

19.    **New York Subclass:**  Plaintiff also seeks to represent a subclass defined as all individuals in the state of New York who purchased electronic tickets to Defendant's One World Observatory from Defendant's website, https://www.oneworldobservatory.com/, on or after August 29, 2022.  Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

20.    Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the

Nationwide Class and New York Subclass number in at least the hundreds of thousands.[2]  The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

21.     Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (c) whether Defendant failed to disclose its processing fee in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

22.     The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant failing to disclosing the total cost of their tickets, including Defendant's processing fee, throughout the online ticket purchase process.

23.     Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because his interests do not conflict with the interests of the Nationwide Class and New

---

[2] According to the *New York Times*, One World Observatory had over 2 million visitors in its first full year of operation from May 2015 to May 2016. *See* https://www.nytimes.com/2016/05/28/nyregion/3-3-million-were-expected-at-trade-center-attraction-1-million-havent-shown-up.html (last visited January 9, 2024).

York Subclass members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and his counsel.

24.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members.  Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

<u>**COUNT I**</u><br>**New York Arts & Cultural Affairs Law § 25.07**<br>**(On Behalf Of The Nationwide Class and New York Subclass)**

25.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

26.     Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

27.     Defendant is a "operator or operator's agent of a place of entertainment," because Defendant owns and operates One World Observatory, which is a "place of entertainment." "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, <u>museum</u>, amusement park, or <u>other place where</u> performances, concerts, <u>exhibits</u>, athletic games or contests are held for which an entry fee is charged."  N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).  "'Operator' means any person who owns, operates, or controls a place of entertainment."  N.Y. Arts & Cult. Aff. Law § 25.03(5).

28.     Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 2-A to and through 7 of this Complaint.  Indeed, Figure 6 expressly provides the "Total Price without Tax" of a ticket, which excludes the $5.00 processing fee.  *Compare* Figure 6 *with* Figure 7.

29.     Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the price of its tickets during the purchase process, as depicted in Figures 2-A to and through 7 of this Complaint.

30.     Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in Figure 4 of this Complaint.  *See also* Figures 5-7.

31.     Defendant's $5.00 "processing fee" is an "ancillary fee[] that must be paid in order to purchase the ticket."  Arts & Cult. Aff. Law § 25.07(4).

32.      On January 20, 2023, Plaintiff purchased two tickets to One World Observatory on Defendant's website and was forced to pay Defendant's processing fee.  Plaintiff was harmed by paying this processing fee, even though that processing fee was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

33.      Plaintiff was also harmed by paying this processing fee, even though it was not clearly and conspicuously disclosed, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

34.      On behalf of himself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* Arts & Cult. Aff. Law § 25.33.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass , prays for judgment as follows:

(a)      For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)      For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)      For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d)     For compensatory and statutory damages in amounts to be determined by the

Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiff and the Classes their reasonable attorneys' fees

and expenses and costs of suit.

Dated: January 10, 2024               **BURSOR & FISHER, P.A**.

By: ___*/s/ Philip L. Fraietta*___
        Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app. forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*