**WILLKIE FARR & GALLAGHER** LLP

April 10, 2024

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007
(212) 805-0284

The initial status conference, currently scheduled for April 15, 2024, is hereby adjourned. If Plaintiff seeks to reply to Defendant's motion to stay discovery, it shall do so no later than April 19, 2024.

SO ORDERED.

_____
Hon. Ronnie Abrams
April 12, 2024

Re:   *Puller v. Legends OWO, LLC*, No. 1:24-cv-00209-RA
      Defendant's Request to Adjourn Discovery and the Initial Status Conference

Dear Judge Abrams,

In accordance with the Court's Individual Rules and Practices in Civil Cases, Defendant Legends OWO, LLC ("Defendant"), by and through undersigned counsel, writes to respectfully request an adjournment of discovery and the April 15, 2024, initial status conference, pending the Court's Decision on Defendant's Motion to Dismiss. *See* ECF No. 14, Defendant's Memorandum of Law In Support of Defendant Legends OWO, LLC's Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("MTD"). Defendant's MTD seeks dismissal of the entire complaint on subject matter jurisdiction grounds, as well as on the merits. A brief adjournment of discovery and the initial status conference will save the parties and the Court time and resources while this threshold issue is pending.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Should the Court determine that Plaintiff lacks standing pursuant to Federal Rule of Civil Procedure 12(b)(1), the case must be dismissed for lack of subject matter jurisdiction.

Per Rule 26(c), this Court has discretion to adjourn discovery "for good cause." "Good cause may be shown where a party has filed a dispositive motion, the [adjournment] is for a short period of time, and the opposing party will not be prejudiced by the [adjournment]." *Spencer Trask Software & Info Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Courts in this Circuit routinely adjourn discovery when their subject matter jurisdiction is in question. *See, e.g., Boelter v. Hearst Commc'ns, Inc.*, No. 1:15-cv-03934-AT-JLC, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting motion to adjourn discovery where there were substantial questions regarding the plaintiff's lack of standing); *Hachette Distrib., Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (noting that it is appropriate to adjourn discovery "when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive . . . such as where a challenge is directed to the Court's jurisdiction").

Moreover, no party will suffer any prejudice by an adjournment here. *See Rivera v. Heyman*, No. 1:96-cv-04489-JCF, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). Here, Plaintiff's Complaint was filed on January 10, 2024. Defendant filed its MTD on March 8, 2024. Plaintiff's opposition to Defendant's MTD is due on or before April 19, 2024, and Defendant's reply is due on or before May 10, 2024. Given the potential for Defendant's MTD to dispose of the case for lack of subject matter jurisdiction, Defendant respectfully requests an adjournment of discovery and the initial status conference until after a Decision is rendered by the Court.

Counsel for Plaintiff, Philip L. Fraietta, does not consent to this request. Mr. Fraietta noted that discovery is not automatically stayed pending a motion to dismiss in federal court. Further, Mr. Fraietta does not believe there is good cause to adjourn the conference and discovery.

In summary, Defendant respectfully requests an adjournment of discovery and the April 15, 2024, initial status conference. Defendant has previously requested one extension of time to answer or otherwise respond to the Complaint, which was unopposed and granted. *See* EFC Nos. 8, 9. Defendant also consented to Plaintiff's request for an extension to respond to the MTD, which the Court granted. *See* ECF No. 17. The Court has not issued a scheduling order in this matter, and an adjournment of the initial status conference will not impact any other scheduled dates.

We thank the Court for its consideration of this request.

Dated: New York, NY
April 10, 2024

Respectfully submitted,

By: */s/ Matthew Gurvitz*
Matthew Gurvitz (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
2029 Century Park East
Los Angeles, CA 90067-2905
310-855-3000
mgurvitz@willkie.com

Philip DiSanto
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
212-728-8000
pdisanto@willkie.com

*Attorneys for Defendant,*
*Legends OWO, LLC*

CC: All counsel of record (via ECF)