UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL PULLER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LEGENDS OWO, LLC,<br><br>    Defendant. | Civil Action No. 1:24-CV-00209-RA<br><br>Hon. Ronnie Abrams |

### [PROPOSED] UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. In this Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, entitled *Daniel Puller v. Legends OWO, LLC,* United States District Court for the Southern District of New York, Case No. 1:24-CV-00209-RA.

    b. "Court" means the Hon. Ronnie Abrams, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

1

       d.      "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

       e.      "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential."

       f.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

       g.      "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the Federal Rules of Evidence 1001(a), (d), and (e), which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

       h.      "Information" means the content of Documents or Testimony.

       i.      "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2.      Counsel for any party may designate any Document or Information, in whole or in part, as Confidential (the "Designating Party") if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

       a.      For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "CONFIDENTIAL" on each page of any Document containing such designated material.

       b.      For Testimony given in depositions the Designating Party may either:

    i.  identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or

    ii.  designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" as instructed by the Designating Party.

    iii.  For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

3.  The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

4.  In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of

such objections, the specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion").  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place.  The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation.  In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

5. All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The Parties, including directors, officers, and employees of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b. Counsel, including in-house counsel, and employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Trial and deposition witnesses and their counsel;

  e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

  f. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

  g. a private mediator mutually selected by the parties; and

  h. any other person agreed to by the producing party.

6. Before disclosing or displaying the Confidential Information to any expert witness or consultant pursuant to paragraph 5(c), counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any person other than those listed in paragraph 4; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A ("Agreement With Respect to Confidential Material").

7. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after providing sufficient prior notice to the producing party and taking such steps as the Court, upon motion of the producing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

8. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any document or testimony which has been designated as Confidential Information. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the Agreement With Respect to Confidential Information. Counsel for the Party obtaining the deposition witness shall supply a copy of the executed Agreement With Respect to Confidential Information to counsel for the other Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the Agreement With Respect to Confidential Information , the Court may, upon application, enter an order directing the witness's compliance with the Stipulation.

9. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the

"Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

10. If a Party inadvertently discloses Confidential Information, the Party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

11. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically-stored information ("ESI"), or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness

and/or segregation of privileged and/or protected information before production. The provisions of Federal Rule of Evidence 502(b) do not apply.

13. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

14. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials at trial and shall move the Court for entry of an appropriate order.

15. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

16. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

17. If a Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the receiving party from which the Confidential Information is sought shall (a) give written notice by email to the counsel for the Designating Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Designating Party five (5) business days to object to the production of such Confidential Information, if the Designating Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

18. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**SO STIPULATED AND AGREED.**


Dated:  June 5, 2024.
        New York, New York


| **BURSOR & FISHER, P.A.** | **WILLKIE FARR & GALLAGHER LLP** |
|---|---|
| By: /s/ Philip Lawrence Fraietta | By: /s/ Matthew Gurvitz |
| Philip Lawrence Fraietta | Matthew Gurvitz (admitted *pro hac vice*) |
| 1330 Avenue of the Americas | 2029 Century Park East |
| 32nd Floor | Los Angeles, CA 90067-2905 |
| New York, NY 10019 | (301) 855-3000 |
| (646) 837-7150 | mgurvitz@willkie.com |
| pfraietta@bursor.com | |
| | |
| Stefan Bogdanovich | Philip DiSanto |
| 1990 N. California Boulevard | 787 Seventh Avenue |
| Suite 940 | New York, NY 10019 |
| Walnut Creek, CA 94596 | (212) 728-8000 |
| (925) 300-4455 | pdisanto@willkie.com |
| sbogdanovich@bursor.com | |
| | |
| *Attorneys for Plaintiff, Daniel Puller* | *Attorneys for Defendant, Legends OWO, LLC* |


**SO ORDERED.**

_____
Hon. Ronnie Abrams
United States District Judge
June 18, 2024

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL PULLER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>LEGENDS OWO, LLC,<br><br>        Defendant. | Civil Action No. 1:24-CV-00209-RA<br><br>Hon. Ronnie Abrams |

**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL**

    I, _____, state that:

    1.    My present employer is _____ and my present occupation is _____.

    2.    I have received a copy of the Stipulation and Protective Order entered in the above-captioned action.

    3.    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as CONFIDENTIAL. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

    4.    I hereby agree that I will not disclose any information contained in such documents to any other person, except as permitted under the Stipulation and Protective Order entered in the above-captioned action. I further agree not to use any such information for any purpose other than this litigation.

Exhibit A-1

5.     To the extent that I receive Confidential Information from a Party to this action or their counsel, I will destroy such information or return it to the Party or counsel from whom I received it pursuant to paragraph 14 of the Stipulation and Protective Order.

6.     I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of this Agreement with Respect to Confidential Material.

Signature: _____

Date: _____

Exhibit A-2