UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL PULLER, on behalf of himself and all others similarly situated,

                Plaintiff,

v.

LEGENDS OWO, LLC,

                Defendant.

Civil Action No. 1:24-cv-00209-RA

[~~PROPOSED~~] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a class action is pending before the Court entitled *Puller v. Legends OWO, LLC,* No. 1:24-cv-00209-RA; and

WHEREAS, Plaintiff Daniel Puller, and Defendant Legends OWO, LLC ("Defendant") have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement") (ECF No. 40-1); and

WHEREAS, on November 6, 2024, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "all individuals in the United States who purchased tickets and paid a processing fee to gain entrance to Defendant's Place of Entertainment from Defendant's Website from August 29, 2022, and through the date of Preliminary Approval"; and

WHEREAS, nothing has occurred since the entry of the Preliminary Approval Order which causes this Court to alter the findings it made in the Preliminary Approval Order in support of the approval of the settlement entered into between the Parties; and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement (ECF No. 40-1), as well as Plaintiff's Motion for Final Approval of the Settlement Agreement (ECF No. 48), Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, And Service Award (ECF No. 44), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on March 7, 2025, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 40-1) and order granting Preliminary Approval (ECF No. 43) – including (i) direct notice to the Settlement Class via email, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4. Two individuals – listed in Attachment 6 to the February 19, 2025 Declaration of Cameron R. Azari Regarding Implementation of Notice and Claims Administration (ECF No. 51) – have submitted a timely, valid request for exclusion and are therefore excluded from the Settlement Class.

5.	The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the substance of Defendant's notice and finds that it complied with all applicable requirements of CAFA.  Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

6.	This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits.  The complex legal and factual posture of this case, the parties' exchange of relevant information, and the fact that the Settlement is the result of arms-length negotiations between the Parties support this finding.  The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

7.	The Court has specifically considered the factors relevant to class action settlement approval, including:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the

> risks of maintaining the class action through trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *see also* Fed. R. Civ. P. 23(e).

8. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

9. Accordingly, the Settlement is hereby finally approved in all respects.

10. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11. This Court hereby dismisses the Action on the merits and with prejudice.

12. Upon the Effective Date of this Final Judgment, Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present, past, and future heirs, executors, estates, administrators, representatives, beneficiaries, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns, and companies, firms, trusts, and corporations (the "Releasing Parties") shall be deemed to have released Defendant, as well as any and all of its current, former, and future parents, predecessors, successors, affiliates, subsidiaries, divisions, or related corporate entities, and all of their respective

current, future, and former employees, officers, directors, shareholders, members, managers, representatives, assignees, accountants, sales and/or customer service agents, joint venturers, fiduciaries, beneficiaries, insurers, reinsurers, principals, trustees, administrators, executors, attorneys, and customers (collectively "Released Parties"), from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, suits, liens, judgments, costs, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, obligations, and all other legal responsibilities, whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the ACAL or other state, federal, local, statutory or common law or any other law, rule, ordinance, claim, or regulation, whether past, present, or future, against the Released Parties, or any of them, based upon, arising out of, or otherwise relating to any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged collection and retention by Defendant of fees in connection with electronic ticket sales from August 29, 2022, through the date of Preliminary Approval, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

13. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction

based on or arising out of any of the Released Claims.

14. The Court has also considered Plaintiff's Motion For Attorneys' Fees, Costs, Expenses, And Service Award, as well as the supporting memorandum of law and declarations (ECF Nos. 44-47), and adjudges that the payment of attorneys' fees, costs, and expenses in the amount of $325,000.00 is reasonable in light of the multi-factor test used to evaluate fee awards in the Second Circuit. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. The Court has also considered Plaintiff's Motion, memorandum of law, and supporting declarations for a service award to the Class Representative, Daniel Puller. *See* ECF Nos. 44-47. The Court adjudges that the payment of an incentive award in the amount of $5,000 to the Class Representative to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not negotiated within one hundred and eighty (180) days of issuance shall be redistributed on a pro rata basis to all Settlement Class Members who claimed their payments. To the extent that a second distribution would be infeasible, any unclaimed funds shall revert to the Legal Aid Society, which the Court approves as an appropriate *cy pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

17. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its

implementing documents (including all exhibits to the Settlement Agreement), including extensions of time, so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

18. If this Final Judgment is reversed or vacated on appeal, or the Settlement Agreement is terminated pursuant to its terms, all orders entered in connection herewith shall be null and void and the Parties shall be restored to their respective positions as if the settlement had never been entered into, and any documents in connection with the settlement of this matter shall not be used or referred for any purpose in this Action or any other proceeding.

19. This Order, the Settlement Agreement, and any documents in connection with the settlement of this matter shall not be construed as an admission of any fault, liability, or wrongdoing on the part of Defendant or the Released Parties, which Defendant and the Released Parties expressly denied. This Order, the Settlement Agreement, and any documents in connection with the settlement of this matter shall not be offered against Defendant or the Released Parties in any other action or proceeding of any kind. Defendant and any Released Parties shall be permitted to utilize this Order and the Settlement Agreement for purposes of enforcing this Order and the Settlement Agreement and to support any claims and defenses Defendant and the Released Parties may have.

20. Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

21. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment, and hereby dismisses this Action with prejudice,

with each party to bear their own costs, except as provided in this Order or in the Settlement Agreement.

IT IS SO ORDERED, this <u>10th</u> day of <u>March</u>, 2025.

_____
The Honorable Ronnie Abrams
United States District Judge